# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| **HENRY B. LOWE** | **CIVIL ACTION NO. 06-1803** |
| **VS.** | **SECTION P** |
| **DET. J. FACIANE, B.P.S.O., ET AL.** | **JUDGE MINALDI** |
| | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court are a series of hand-written *pro se* pleadings filed on October 12, 2006 [doc. 1], November 8, 2006 [doc. 4], and December 1, 2006 [docs. 5 and 6] by petitioner Henry B. Lowe. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary.

These pleadings have been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that these pleadings be **DENIED** and **DISMISSED WITH PREJUDICE**.

*Statement of the Case*

*1. Formal Complaint*

On October 12, 2006 petitioner filed a pleading entitled "Formal Complaint." He submitted this pleading "... in compliance to/with the Whistle Blower's Act of the United States..." He also "... incorporate[d] this complaint )of a crime being committed) ... pursuant to Title 28 U.S.C.A. §1361, compelling the effect of the F.R.Cr.P. Rule 5.1 and pursuant to the 1st Amend. to redress and the 14th Amend. due process and equal protection clauses of the U.S.

Constitution..." [doc. 1-1, pp. 1-2] Petitioner invoked the jurisdiction of this court "... pursuant to Title 28 U.S.C.A. §1343(A)(1)(3) by way of Federal Question Title 28 U.S.C.A. §1331.1 which is given rise by/as to Title 28 U.S.C.A. §1361, and compels the Investigation into the violation of subject matter Title 18 U.S.C.A. §371, to/and in furtherance the perpetration relative to/and did the violation of Title 18 U.S.C.A. §1201(A)(1), (B), and (C)." [doc. 1-1, p. 2]

In a paragraph entitled "2nd Complaint" petitioner "proclaimed" that he "... is not stating a claim for relief at this time, but, is reporting a crime that he has first hand knowledge of, with evidence pursuant to the F.R.O.E. Rule 401 ... and in compliance with/to the Whistle blower's act of a crime that was committed on a federal level (instigated) by Det. Faciane in Beauregard Parish and carried out in Vernon Parish, State of Louisiana by Deputies Bynog, Landsdale, Martin, Jackson, Dowden and Mayo (co-conspirators)." [doc. 1-1, pp. 2-3]

Petitioner then alleged that on November 7, 2003, Det. J. Faciane willfully and knowingly made out and acted upon a falsely stated police report and thus violated the provisions of 18 U.S.C.A. §35(b). Petitioner then alleged the existence of discrepancies in a police report and an arrest report attached to petitioner's complaint. [see doc. 1-1, p. 3; doc. 1-1, pp. 9-10]

Petitioner contends that the named defendants, Sheriff's deputies from Beauregard Parish and Vernon Parish conspired and perpetrated a kidnaping of the petitioner in violation of federal law and in violation of the United States Constitution. He contends that "... the Federal Government is compelled by Title 28 U.S.C.A. §1361, when Title 28 U.S.C.A. §1331 arises and gives rise to Title 28 U.S.C.A. §1343 where said perpetrators acts and performance violated specific statutes mandated in the federal criminal code and rules and is punishable as such, as to the Quasi-criminal complaint brought herein." [doc. 1-1, p. 5]

He then claims that the criminal acts of the named deputies were illegally sanctioned in a criminal prosecution by Judge S. Kay, District Attorney David Burton, and defense attorney Elvin Fontenot. [id.]

He concluded his pleading with the allegation that this "... Court is required to investigate the allegations of instant quasi-criminal complaint and in so doing is required to hold a contradictory hearing for the presentation of physical evidence and testimony before any recommendation of dismissal can be ruled on." [doc. 1-1, p. 7]

Finally, he concluded his pleading with a "Motion" requesting the following: "... if warrants for Henry B. Lowe from Vernon Parish should show up at this late date, and a court order, of any kind, should show up in the records for the seizure of the 4 minor children, that a request is being made now by this motion for a carbon-14 test and analysis of the ink and paper of the documents mentioned herein for its authentication and to show its falsity to obstruct justice." [*id.*]

## *2. Response to Memorandum Order*

On October 31, 2006, the Clerk of Court construed petitioner's "Formal Complaint" as a petition for writ of *habeas corpus* and mailed petitioner the form petition for use in this district along with an order directing petitioner to amend his pleading accordingly and to submit either an application to proceed *in forma pauperis* or payment of the *habeas corpus* filing fee of $5.00. [doc. 3]

On November 8, 2006 petitioner returned the forms sent to him by the Clerk of Court. Petitioner then explained, "I am a state prisoner in state custody and I am seeking the proper forms to file a Quasi-criminal complaint so I will not have to go to Congress with a complaint

seeking a congressional investigation into this matter because of the seriousness involved between these (2) parishes." [doc. 4]

### *3. Motion in Request for Legal Forms and Response in Compliance to Memorandum Order*

On December 1, 2006 petitioner filed another hand-written *pro se* pleading entitled "Motion in Request for Legal Forms." Among other things petitioner requested "... the proper forms, Title 28 U.S.C. 2241, with statement of filing fee." [doc. 5]

Petitioner also filed a hand-written *pro se* pleading entitled "Response in Compliance to Memorandum order dated Oct. 31, 06." Petitioner alleged that the defendants named in his first complaint were co-conspirators "... who willfully, and knowingly committed federal offenses by violating the U.S. Federal Statutes, and such acts are nothing less than a form of anarchy against the U.S. Government Laws which prohibit such, and against complaintant's [sic] Civil Rights which is supported by evidence documented in complaint #1 and complaint #2 which meets the F.R.Cr.P. Rule #5.1, and that there is probable cause to believe a crime has been committed, supported by oath and affirmation, and that defendants did it, and which is punishable." Petitioner also submitted $10.00 to cover the costs of filing the pleadings referred to as complaints #1 and #2. [doc. 6]

*Law and Analysis*

### *1. Investigation and Prosecution of Arresting Officers*

Petitioner's pleadings are difficult to decipher. He has provided very little in the way of a factual background for his complaint. He has, however, made it abundantly clear that he seeks neither his immediate release from custody nor monetary compensation or injunctive relief for an alleged violation of his civil rights. Instead, he asks the court to direct the United States

Justice Department to investigate and prosecute Deputies from Beauregard and Vernon Parishes on charges of kidnaping in violation of various federal laws. (While he has invoked the jurisdiction of the court "... in compliance to/with the Whistle Blower's Act of the United States..." and also cited 28 U.S.C. §1361[1], F.R.Cr.P. Rule 5.1[2], 28 U.S.C. §1343[3], 28 U.S.C. §1331.1 [sic][4], 18 U.S.C. §371[5], and 18 U.S.C. §1201(A)(1), (B), and (C)[6], his prayer for relief

---

[1] 28 U.S.C. §1361 provides, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

[2] Rule 5.1 of the Federal Rules of Criminal Procedure provides for preliminary hearings in certain criminal cases prosecuted in federal court.

[3] 28 U.S.C.A. §1343 provides in part: "(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: (1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42; (2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent; (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote..."

[4] 28 U.S.C. § 1331 provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[5] 18 U.S.C.A. §371 provides: "If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both."

[6] 18 U.S.C. §1201 provides: "(a) Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when – (1) the person is willfully transported in interstate or foreign commerce, regardless of whether the person was alive when transported across a State boundary, or the offender travels in interstate or foreign commerce or uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense; (2) any such act against the person is done within the special maritime and territorial jurisdiction of the United States; (3) any such act against the person is done within the special aircraft jurisdiction of the United States as defined in section 46501 of title 49; (4) the person is a foreign official, an internationally protected person, or an official guest as those terms are defined in section 1116(b) of this title; or (5) the person is among those officers and employees described in section 1114 of this title and any such act against the person is done while the person is engaged in, or on account of, the performance of official duties, shall be punished by imprisonment for any term of years or for life and, if the death of any person results, shall be punished

6

is simply put, "Therefore, in the interest of Justice, the Hon. U.S. Dist. Court for the Western Dist. of Louisiana, in conjunction with the Federal Bureau of Investigation, and in conjunction with the U.S. Dept. of Justice, Washington, D.C. is compelled ... to investigate this complaint..." [doc. 1-1, p. 6] Elsewhere petitioner alleged, "...this Hon. court is required to investigate the allegations of instant quasi-criminal complaint and in so doing is required to hold a contradictory hearing for the presentation of physical evidence and testimony before any recommendation of dismissal can be ruled on." [*id.*, p. 7] Again, he claimed, "... I am seeking the proper forms to file a Quasi-criminal complaint so I will not have to go to Congress with a complaint seeking a Congressional investigation into this matter..." [doc. 4])

A federal court may not assume the essentially executive function of deciding whether a particular alleged violator should be prosecuted. *Nader v. Saxbe*, 497 F.2d 676, 679 (D.C.Cir.1974). Nor may a court order prosecution of individuals at the instance of private persons. *Id.* at n. 18. Compare *Williams v. U.S. Dept. of Justice,* 1990 WL 95473, D.D.C., Jun 26, 1990. As noted by the United States Fifth Circuit Court of Appeals,

> The President the United States is charged in Article 2, Section 3, of the Constitution with the duty to 'take care that the laws be faithfully executed ...' The Attorney General is the President's surrogate in the prosecution of all offenses against the United States. 5 U.S.C.A. § 291 *et seq.*, 28 U.S.C.A. § 507. The discretion of the Attorney General in choosing whether to prosecute or not to prosecute, or to abandon a prosecution already started, is absolute. *Confiscation*

---

by death or life imprisonment.(b) With respect to subsection (a)(1), above, the failure to release the victim within twenty-four hours after he shall have been unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted, or carried away shall create a rebuttable presumption that such person has been transported in interstate or foreign commerce. Notwithstanding the preceding sentence, the fact that the presumption under this section has not yet taken effect does not preclude a Federal investigation of a possible violation of this section before the 24- hour period has ended. (c) If two or more persons conspire to violate this section and one or more of such persons do any overt act to effect the object of the conspiracy, each shall be punished by imprisonment for any term of years or for life.
(d) Whoever attempts to violate subsection (a) shall be punished by imprisonment for not more than twenty years."

*Cases*, 1869, 74 U.S. (7 Wall.) 454, 19 L.Ed. 196, *Powell v. Katzenbach*, 1965, 123 U.S.App.D.C. 250, 359 F.2d 234, *cert. den.* 1966, 384 U.S. 906, 86 S.Ct. 1341, 16 L.Ed.2d 359, *reh. den*. 384 U.S. 967, 86 S.Ct. 1584, 16 L.Ed.2d 679. We held in *United States v. Cox*, 5 Cir. 1965, 342 F.2d 167, 171:

> 'The discretionary power of the attorney for the United States in determining whether a prosecution shall be commenced or maintained may well depend upon matters of policy wholly apart from any question of probable cause. Although as a member of the bar, the attorney for the United States is an officer of the court, he is nevertheless an executive official of the Government, and it is as an officer of the executive department that he exercises a discretion as to whether or not there shall be a prosecution in a particular case. It follows, as an incident of the constitutional separation of powers, that the courts are not to interfere with the free exercise of the discretionary powers of the attorneys of the United States in their control over criminal prosecutions.' *Smith v. United States*, 375 F.2d 243, 246-47 (5th Cir. 1967), *cert. denied*, 389 U.S. 841, 88 S.Ct. 76, 19 L.Ed.2d 106 (1967) (emphasis supplied).

Thus, to the extent that petitioner prays for an order directing the Justice Department to investigate the circumstances surrounding his arrest in November 2003, he has failed to state a claim for which relief may be granted and his pleadings are subject to dismissal as frivolous in accordance with the provisions of 28 U.S.C. §1915A.

## *2. Habeas Corpus*

Petitioner is in custody pursuant to the judgment of a Louisiana court. As shown above, the pleadings, liberally construed, do not explicitly question the legality of his custody. To the extent that these pleadings implicitly question the legality of his continued custody, such claims must be raised in accordance with the provisions of 28 U.S.C. § 2254 which provides in pertinent part:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
> (A) the applicant has exhausted the remedies available in the courts of the State; or

> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> \*      \*      \*
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (emphasis supplied).

The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Federal and state courts are equally obliged to guard and protect rights secured by the Constitution. Therefore, it would be inappropriate for a federal district court to upset a state court conviction without first giving the state court the opportunity to correct the alleged constitutional violation.

To have exhausted his state remedies, a federal *habeas* petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). In addition, a federal *habeas* petitioner must fairly present his constitutional claim to the highest state court. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v.*

*Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir.1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In Louisiana, the highest state court is the Louisiana Supreme Court.

Petitioner has not challenged the legality or constitutionality of his custody in the Supreme Court of Louisiana. Therefore, it is clear that the Louisiana courts have not yet had an opportunity to review and determine the merits of any potential *habeas corpus* claims. (A review of the presumptively reliable published jurisprudence of the State of Louisiana confirms that petitioner has not yet litigated any claims in the Louisiana Supreme Court.[7])

Absent a showing that state remedies are either unavailable or inadequate (such showing not having been demonstrated), he could not now proceed in this court in *habeas corpus,* if in fact that is his desire. See 28 U.S.C. § 2254; *Fuller v. Florida*, 473 F.2d 1383, 1384 (5th Cir.1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir.1972). Accordingly, to the extent that petitioner's pleadings might be construed as a petition for writ of *habeas corpus*, dismissal of this proceeding for lack of exhaustion is warranted. Further, to the extent that petitioner might desire to amend his pleadings to state a valid *habeas corpus* claim, such amendment would be futile since it is clear that petitioner could not establish exhaustion or the non-availability of state court remedies.

Accordingly,

**IT IS RECOMMENDED THAT** petitioner's "Formal Complaint" and his "2nd

---

[7] See Westlaw, at, https://web2.westlaw.com/welcome/Louisiana/default.wl?fn=_top&utid=%7b09846306-2B8B-4E3F-B643-7E7D53236226%7d&rs=WLW2.05&mt=Louisiana&vr=2.0&sv=Split

Complaint," [doc. 1], his "Response to Memorandum Order," [doc. 4], his "Motion for Legal Forms," [doc. 5] and his "Response," [doc. 6] be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. §1915A.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Lake Charles, Louisiana, this 5th day of December, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE